**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

MEGACAP CAPITAL, LLC, in its individual capacity and its representative capacity as General Partner of MEGACAP FUNDS, LP - SPACEX I SERIES and MEGACAP FUNDS, LP - TECH HOLDING,

Plaintiff,

v.

Case No.: 0:26-cv-61179-AHS

WEST COAST EQUITY PARTNERS II, LLC, a Delaware series limited liability company; WCEP MANAGEMENT LLC, a Delaware limited liability company; ANTON BARANCHUK, an individual; ALEXANDER LAZOVSKY, an individual; SERGEY YUSHIN an individual; and BLAYKE HALE, an individual,

Defendants,

_______________________________________/

**DEFENDANTS WEST COAST EQUITY PARTNERS II, LLC AND WCEP MANAGEMENT LLC'S LIMITED OPPOSITION TO PROVIDING EMERGENCY TREATMENT TO PLAINTIFF'S EMERGENCY MOTION TO ENJOIN ARBITRATION PROCEEDINGS [D.E. 39]**

Defendants West Coast Equity Partners II, LLC and WCEP Management LLC ("Defendants"), by and through undersigned counsel, file this Opposition to Plaintiff's Emergency Motion to Enjoin Arbitration Proceedings [D.E. 39] (the "Motion"). This Opposition is limited to the threshold issue of whether any emergency exists warranting expedited relief. It does not. Defendants expressly reserve all rights to respond fully on the merits of Plaintiff's Motion and respectfully request additional time to do so.

## INTRODUCTION

Plaintiff's Motion is premised on an alleged June 15, 2026 AAA deadline for filing its answer set by a May 27, 2026 letter from the AAA—a deadline that Plaintiff itself obtained by requesting an extension from the AAA. Plaintiff has now filed its answering statement, thereby mooting the need for its Motion.[1] *See* Email from Brad E. Kelsky, Esq. to AAA Case Administrator Sarahi Temores and all counsel, Re: Case No. 01-26-0001-6476 (June 15, 2026, 7:41 AM), together with the attached Objection and Answering Statement filed by the MegaCap Parties in AAA Case No. 01-26-0001-6476 (June 15, 2026), collectively attached hereto as **Exhibit 1**.

As further evidence that no emergency exists, on June 1 and 4, 2026, Plaintiff also responded to the May 27, 2026 correspondence with an objection to jurisdiction and a request that arbitration be abated. Defendants provided a substantive response on June 9, 2026, to which Mr. Kelsky filed a reply on June 11, 2026, and the AAA confirmed the request to abate is under advisement. Curiously, Mr. Kelsky fails to mention any of these facts in his Motion. Nor does Plaintiff explain why it fears the answer deadline when it has already filed a substantive response with the AAA.

Plaintiff additionally failed to meet and confer before filing its motion, and that failure provides an independent basis for denying emergency relief. Plaintiff claims that it did not have time to confer, but it had two weeks' notice of the AAA deadline, and enough time to draft its emergency motion, correspond with the AAA, and appear before this Court.

[1] Defendants are deeply concerned that Plaintiff filed its "emergency" Motion on Friday evening, requiring Defendants to work over the weekend on a response to the Motion, only to file its answering statement Monday morning—causing Defendants and this Court to waste time and money on a moot issue. Defendants are leaving in the remaining arguments they have written over the weekend as additional support against emergency treatment of the Motion or emergency relief, even though the issue is now moot. Defendants are looking into whether sanctions would be appropriate under the circumstances.

Finally, as discussed at the June 10, 2026 hearing, this Court should not act until Mr. Blatt's authority to represent MegaCap has been resolved. Marc Goldner, who has moved to intervene because he challenges Eli Blatt's authority to act on behalf of the Plaintiff, has filed an independent action supported by a Motion for Temporary Injunction challenging Mr. Blatt's standing to bring claims and assert defenses on behalf of MegaCap. *See* Plaintiffs' Expedited Motion & Memorandum of Law in Support of Request for Temporary Restraining Order & Preliminary Injunction Barring Sale of Interests or Other Disposition of Assets, *Goldner et al. v. Blatt et al.*, Case No. 1:26-cv-23010-KMW (S.D. Fla. June 11, 2026) [D.E. 10], attached hereto as **Exhibit 2**. Mr. Goldner filed his motion a day before Mr. Blatt filed this Motion. This Court should not allow Mr. Blatt to use a manufactured emergency to obtain expedited relief before Mr. Goldner's challenge to Mr. Blatt's authority can be addressed.

## ARGUMENT

### I. There is No Emergency Warranting Expedited Relief

Plaintiff's Motion is premised on the assertion that "[t]ime is of the essence" because the AAA "has set a response deadline of June 15, 2026." (Mot. at 1.) This morning, Plaintiff filed its response with the AAA, thereby eliminating the need for emergency relief.

In addition, Plaintiff has not shown any basis for expedited treatment, much less emergency relief, for three separate and independent reasons.

First, the AAA Commencement Notice, which Plaintiff attaches as its own Exhibit A, is dated May 27, 2026. Plaintiff therefore had actual knowledge the deadline to answer the arbitration demand no later than May 27, 2026. Despite this, Plaintiff waited until June 12, 2026—sixteen days—to file the instant "emergency" motion even though this Court held an in-person hearing on June 10, 2026 to discuss scheduling. This unexplained delay in seeking relief undercuts Plaintiff's claim of

emergency. *See Wreal, LLC v. Amazon.com, Inc.,* 840 F.3d 1244, 1248 (11th Cir. 2016) (delay in seeking injunctive relief undermines claim of irreparable harm).

Second, Plaintiff has already been actively engaging with the AAA throughout this process—yet has never raised with the AAA the objections it now raises in this Motion. On June 1, 2026, Plaintiff's counsel wrote to the AAA raising jurisdictional objections to the arbitration proceeding. *See* Letter from Brad E. Kelsky, Esq. to Taylor-Rae Redrup and Sarahi Temores, American Arbitration Association, Re: Case No. 01-26-0001-6476 (June 1, 2026), attached as **Exhibit A** to the Declaration of Jonathan B. Morton ("Morton Decl."), attached hereto as **Exhibit 4**. Plaintiff then corresponded with the AAA requesting that the AAA abate the proceedings to which Defendants have filed an opposition. *See* Letter from Brad E. Kelsky, Esq. to Taylor-Rae Redrup and Sarahi Temores, American Arbitration Association, Re: Case No. 01-26-0001-6476 (June 4, 2026) (requesting that the AAA "abate the decision as to whether arbitration is even appropriate under the circumstances") and Letter from Steven L. Caponi, Esq. to Sarahi Temores, American Arbitration Association, Re: Case No. 01-26-0001-6476 (June 9, 2026) (opposing Respondents' request and requesting that the AAA "deny Respondents' request to abate this matter and continue administering Case No. 01-26-0001-6476 without delay"), attached respectively as **Exhibit B and C** to the Morton Decl. Plaintiff's filing with the AAA forecloses any claim that emergency treatment is necessary.[2]

Third, the June 15 deadline that Plaintiff invokes was itself the product of Plaintiff's own request for an extension from the AAA. The original answering statement deadline was June 10, 2026. On June 4, 2026, Plaintiff's counsel wrote to the AAA requesting a 30-day extension to respond to

[2] It should be noted that in Plaintiff's submission to the AAA, it falsely states this "Court is going to hear argument on the issue of arbitrability, in part, on June 24, 2026." The Court, with the agreement of the parties during last Wednesday's conference, specifically agreed the arbitration was not relevant to the issues to be addressed on June 24, 2026.

the arbitration demand without mentioning jurisdictional concerns. *See* Email from Brad E. Kelsky, Esq. to the AAA and all counsel, Re: Case No. 01-26-0001-6476 (June 4, 2026, 3:32 PM), attached as **Exhibit D** to the Morton Decl. The AAA denied the 30-day request and instead granted Plaintiff a modest three-day extension, moving the deadline to June 15, 2026. *See* Email from Sarahi Temores, AAA Case Administrator, to all counsel, Re: Case No. 01-26-0001-6476 (June 9, 2026, 2:35 PM), attached as **Exhibit D** to the Morton Decl. After this, Plaintiff never sought any further extension from the AAA; it simply ran to this Court.

Fourth, the AAA has not even circulated a list of proposed arbitrators, let alone appointed an arbitrator. As a result, there is no imminent risk the arbitrator will move forward on the merits.

## II. Plaintiff Failed to Meet and Confer Before Filing the Motion

Plaintiff's claim of emergency is further undermined by its failure to meet and confer with Defendants as required by Local Rule 7.1(a)(3). Plaintiff claims it lacked sufficient time to confer with opposing counsel. However, Plaintiff has been aware of the arbitration commencement since May 27, 2026, providing Plaintiff with ample time to contact Defendants' counsel to discuss its concerns. Plaintiff also had time to draft this Motion, multiple letters to the AAA, and attend a hearing before this Court. It therefore could have also reached out for a quick call or email to opposing counsel. If Plaintiff had done so, Defendants would have relayed that Plaintiff should first raise this issue with the AAA.

Instead, Plaintiff bypassed both the AAA and opposing counsel and filed this Motion, wasting this Court's time and resources on a manufactured emergency. Under these circumstances, Plaintiff's failure to confer is another reason to deny emergency treatment and allow Defendants a reasonable opportunity to respond to the Motion on the merits.

## III. Plaintiff Has Not Established That It Has Standing to Bring This Claim for Relief

What is really at issue here is not an emergency—it is standing. On June 10, 2026—just two days before Plaintiff filed this Motion—Marc Goldner filed an Expedited Motion for Temporary Restraining Order and Preliminary Injunction before Judge Williams, challenging Eli Blatt's authority to bring claims and assert defenses on behalf of the MegaCap entities. *See* Exhibit 1, pp 6-7, 19. Marc Goldner has also moved to intervene in this very matter, representing to the Court that Mr. Blatt did not have authority to file this lawsuit—a lawsuit that Mr. Goldner opposes. The fact that Plaintiff rushed to file this "emergency" Motion two days after Mr. Goldner's filed his expedited motion challenging Mr. Blatt's authority suggests that the true purpose of this Motion is not to avert an emergency, but to obtain a ruling from this Court before the issue of Mr. Blatt's authority can be adjudicated. This Court should not consider Plaintiff's Motion on an emergency basis until the threshold issue of Mr. Blatt's authority to bring claims and assert defenses on behalf of MegaCap has been heard.[3] Given that standing is a gating issue implicating this Court's jurisdiction, Defendants believe the Court should consider transferring this matter to Judge Williams who will be addressing the issue of standing on a more fulsome record.

## CONCLUSION

For these reasons, there is no emergency. Defendants respectfully request that the Court deny Plaintiff's request for emergency treatment, decline to consider the Motion on an expedited basis, and afford Defendants a reasonable opportunity to respond fully to the Motion on the merits.

Dated: June 15, 2026 Respectfully submitted,

---

[3] To the extent this Court believes that the hearing on MegaCap's first emergency motion against the Defendants should move forward on June 24, 2026, this Court should consider referring the hearing to Magistrate Judge D'Angelo because she has already entered a 56-page order addressing the dispute between Mr. Blatt and Mr. Goldner. *See* Omnibus Report and Recommendation, *Blatt v. Goldner et al.*, Case No. 1:23-cv-24819-CIV-GAYLES/D'ANGELO (S.D. Fla. Aug. 20, 2025) (D.E. 204), attached hereto as **Exhibit 3**.

**K&L GATES LLP**

*/s/ Jonathan B. Morton*
Jonathan B. Morton
Florida Bar No. 956872
Jonathan.Morton@klgates.com
Southeast Financial Center
200 S. Biscayne Boulevard, Ste. 3900
Miami, FL 33131-2399
Telephone: 305-539-3300
Facsimile: 305-358-7095

*Attorney for Defendants West Coast Equity Partners II, LLC and WCEP Management LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on this 15th day of June, 2026.

Brad E. Kelsky
Kelsky Law P.A.
150 S. Pine Island Road
Suite 300
Plantation, FL 33324
Email: bradkelsky@kelskylaw.com
*Attorney for Plaintiff*